Craig HARRISON, Gwen Harrison, Randall Reed, and Marcel M. Weiner, Appellants

v.

GREAT AMERICAN ASSURANCE COMPANY, Appellee.

No. 05–06–01028–CV.

Court of Appeals of Texas, Dallas.

June 29, 2007.

Randall C. Reed, Marcel M. Weiner, Weiner, Glass & Reed, L.L.P., Dallas, for Appellants.

Adam J. Williams, Schell Cooley LLP, Addison, for Appellee.

Before Justices O'NEILL, LANG–MIERS, and MAZZANT.

**OPINION**

Opinion by Justice LANG–MIERS.

This is a breach of contract case arising from an insurance coverage dispute. The trial court granted summary judgment in favor of the insurance carrier. We affirm.

In March 2004, Appellants Craig Harrison, Gwen Harrison, Randall Reed, and Marcel M. Weiner purchased a two-year-old thoroughbred filly named Oma and insured her as a racehorse through Appellee Great American Assurance Company. Appellants placed Oma in the care of a licensed racehorse trainer to begin her training. In May, Oma underwent surgery to remove a bone spur in her knee. She was taken out of training during her

recuperation. At some point, appellant Craig Harrison called his insurance agent to inquire about whether "anything could be done about the racing insurance premium," because the premium to insure a horse classified as a racehorse was higher than for a pleasure horse. Oma's classification was changed from "RA" (racehorse) to "PL" (pleasure horse) on the insurance policy, resulting in a $1,144 premium overpayment. This overpayment was applied to the remaining payments due on the policy.

Harrison told the insurance agent that Oma would return to race training when she recovered. On October 28, 2004, Harrison learned that the trainer had placed Oma back in race training in mid-October. On October 29, Oma fell and broke her right shoulder while she was galloping at Lone Star Park as part of her training regimen. The trainer reported the accident to Harrison, and said he would update Harrison after the veterinarian examined Oma. Harrison called the insurance agent and told him to put Oma back on the "active roster." When the park's veterinarian examined Oma, he immediately determined he had to euthanize her. The trainer called Harrison and told him that Oma had been euthanized. Harrison then reported the injury and death to the insurance agent. He admitted he did not tell the agent Oma had been injured until after the veterinarian euthanized her.

Subsequently, Harrison filed a claim with Great American. Great American denied coverage, contending Oma was being used as a racehorse at the time of the injury that resulted in her death and not as a pleasure horse for which she was insured. Appellants sued Great American for breach of contract, and both parties moved for summary judgment. Appellants argued the terms "racing" and "pleasure" are ambiguous and, as a result, the

interpretation favoring the insured must be adopted. Appellants contended they were entitled to judgment as a matter of law because Oma had never participated in a race and was not a racehorse at the time of her death. Conversely, Great American argued the insurance policy is plain and unambiguous. It contended that Oma was being trained as a racehorse and, as a result, was not a pleasure horse at the time of her death, precluding coverage as a matter of law. The trial court granted Great American's motion. This appeal followed.

## STANDARDS OF REVIEW

### A. Summary Judgment

We review the trial court's summary judgment de novo. *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 860 (Tex.2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex.2003). When both parties move for summary judgment, each bears the burden of establishing it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). If the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both parties and determine all questions presented. *Id.*

### B. Contract Terms

■ We review a trial court's interpretation of a contract de novo. *See MCI Telecomm. Corp. v. Tex. Util. Elec. Co.*, 995 S.W.2d 647, 650–51 (Tex.1999); *First Trust Corp. TTEE FBO v. Edwards*, 172 S.W.3d 230, 233–34 (Tex.App.-Dallas 2005, pet. denied). When interpreting the terms of an insurance contract, we follow the general rules of contract construction. *See Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 745 (Tex.2006); *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 433 (Tex.

1995). Our primary concern is to ascertain the true intent of the parties as expressed in the written contract. *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex.1995); *Vincent v. Bank of Am., N.A.*, 109 S.W.3d 856, 866 (Tex.App.-Dallas 2003, pet. denied).

▇▇▇ If an insurance policy provision has only one reasonable interpretation, it is unambiguous, and we must construe it as a matter of law. *Fiess*, 202 S.W.3d at 746. If it has more than one reasonable interpretation, we must construe it in favor of the insured as long as that construction is not unreasonable. *See id.* However, a policy provision is not ambiguous merely because the parties interpret it differently. *See id.* When, as here, policy terms are not defined, we must give the terms their plain, ordinary and generally accepted meaning. *See Fiess*, 202 S.W.3d at 746 n. 8 (and citations therein); *Vincent*, 109 S.W.3d at 867.

### DISCUSSION

▇▇▇ Great American denied coverage because Oma was insured as a pleasure horse, and it claims she was being used as a racehorse at the time of her injury.[1] The insurance policy states that Great American is not liable if the animal is "used ... for a purpose which is not specified in the [policy] in respect of such animal." As a result, the question here is whether Oma was used as a racehorse or as a pleasure horse at the time of her death.

The terms "racehorse" and "pleasure horse" are not defined in the policy. In two issues, appellants argue the policy is ambiguous because those terms are susceptible to two or more reasonable interpretations,[2] and the trial court erred by granting Great American's summary judgment motion and denying their own. Appellants contend they are entitled to judgment as a matter of law when the ambiguous policy language is construed in their favor and strictly against Great American. We disagree that the policy terms are ambiguous.

The generally accepted meaning of the term "used" is "employed in accomplishing something." WEBSTER'S THIRD NEW INT'L DICT. 2524 (1981). "Racehorse" means "a horse bred and trained for racing." *Id.* at 1870. Although "pleasure horse" is not defined in the dictionary, "pleasure" means "a cause, source, or object of delight or joy." *Id.* at 1738.

Great American's Claim Manager, Sam Hamil, testified by affidavit that Great American classifies its insureds based on, among other factors, the insured's intended use. He testified that racehorse describes "a horse that is intended to engage in race-training exercises and activities and to be used in horse races by the owner." He stated Great American did not require, either under the express

---

1. The declarations page of the insurance policy filed as evidence in the summary judgment record shows Oma was insured as "RA" (race) horse. Although there is no rider or amended declarations page included as summary judgment evidence to show Oma's classification was changed to "PL" (pleasure) horse, appellants admit Oma's classification was changed after the initial policy was issued. Accordingly, we construe the policy as one insuring Oma as a pleasure horse at the time of the injury the subject of this appeal.

2. The parties do not argue that the terms "racehorse" and "pleasure horse" have specialized meanings within the horse industry. *See Royal Maccabees Life Ins. Co. v. James*, 146 S.W.3d 340, 345–46 (Tex.App.-Dallas 2004, pet. denied) (specialized industry term may require extrinsic evidence of commonly understood meaning of term within specialized industry); *XCO Prod. Co. v. Jamison*, 194 S.W.3d 622, 627–28 (Tex.App.-Houston [14th Dist.] 2006, pet. denied) (same).

terms of the policy or any internal company policy, that the horse have actually participated in a race, either in the past or at the time of the injury, to be classified as a racehorse. Additionally, appellants' expert testified that in the parimutuel racehorse industry, horses are categorized by their success and/or experience into groups, four of which are: maiden, non-winner-two races, stakes horse, and non-starter/race prospect in training. According to appellants' expert, Oma fell into the last category because she never started a race.

Appellants contend that, although Oma was in training to be a racehorse, she was not a racehorse. They argue a reasonable interpretation of "racehorse" is a horse that has raced, not a horse that is being trained to race but has never raced. Appellants further contend a racehorse is also a pleasure horse because it brings pleasure to its owner; and a pleasure horse could also be a racehorse if the horse races another pleasure horse to see which one reaches the barn first. Essentially, they claim there is no distinction between the terms.

■ However, appellants' interpretation would render the policy classifications meaningless. And in construing language in an insurance policy, we must give effect to all contractual provisions so that none will be rendered meaningless. *See American Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex.2003); *TIG Ins. Co.*

*v. Dallas Basketball, Ltd.*, 129 S.W.3d 232, 237 (Tex.App.-Dallas 2004, pet. denied).

Consequently, we conclude the terms "RA" (racehorse) and "PL" (pleasure horse) as used in the Great American insurance policy are not interchangeable and are not susceptible to more than one reasonable interpretation. We conclude the insurance policy is not ambiguous, and the trial court did not err by denying appellants' motion for summary judgment on this ground.

In its motion for summary judgment, Great American offered evidence showing that, at the time of Oma's injury, it was undisputed that she was being trained as a racehorse and that she was insured as a pleasure horse. It was also undisputed that the policy provided coverage only if Oma "shall not have been used at any time during the period of this insurance for a purpose which is not specified in the Schedule. . . ." We conclude there was no coverage under the policy as a matter of law because Oma was not used as a pleasure horse when she died. As a result, we conclude the trial court did not err by granting Great American's motion for summary judgment.

We overrule appellants' issues. We affirm the trial court's judgment.