

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-08-00280-CV

PAUL ROBERTSON                                                          APPELLANT

V.

HOME STATE COUNTY MUTUAL                                                APPELLEE
INSURANCE COMPANY

----------

## FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION ON EN BANC RECONSIDERATION

----------

A majority of the court ordered en banc reconsideration of the court's opinion on rehearing. *See* Tex. R. App. P. 49.7. We withdraw our opinion and judgment of July 15, 2010, and substitute the following in their place.

### I. INTRODUCTION

Appellant Paul Robertson obtained a judgment against his employer, Ray Redi-Mix, Inc., for damages for personal injuries that he sustained while on the job. Appellee Home State County Mutual Insurance Company, Redi-Mix's

transportation insurer, denied coverage under several exclusions contained in Redi-Mix's policy of insurance for Robertson's claims against Redi-Mix and obtained a summary judgment against Robertson based on those exclusions. Robertson argues that the trial court erred by granting Home State's motion for summary judgment. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

According to Robertson's first amended original petition, Redi-Mix employed him as a truck driver. On November 3, 2005, Robertson informed Redi-Mix that the truck that he had been assigned to drive had a defective tarp, but Redi-Mix instructed him to make do with the tarp that he had. The next day, the tarp malfunctioned, causing Robertson to sustain bodily injuries.

Redi-Mix did not provide workers' compensation insurance coverage to its employees. It did, however, have a commercial automobile liability insurance policy issued by Home State (the Policy) that provided coverage for "all sums an insured legally must pay as damages because of bodily injury or property damage to which [the] insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto." The Policy contained the following relevant exclusions to which coverage did not apply:

3.  **WORKERS COMPENSATION**

    Any obligation for which the insured or the insured's insurer may be held liable under any workers compensation, disability benefits or unemployment compensation law or any similar law.

2

4. **EMPLOYEE INDEMNIFICATION AND EMPLOYER'S LIABILITY**

Bodily injury to:

a.  An employee of the insured arising out of and in the course of employment by the insured; or

b.  The spouse, child, parent, brother or sister of that employee as a consequence of paragraph a. above.

This exclusion applies:

(1)  Whether the insured may be liable as an employer or in any other capacity; and

(2)  To any obligation to share damages with or repay someone else who must pay damages because of the injury.

*But this exclusion does not apply to bodily injury to domestic employees not entitled to workers compensation benefits* or to liability assumed by the insured under an insured contract. [Emphasis added.]

Robertson sued Redi-Mix for the injuries that he sustained on November 4, 2005, and he sought a declaratory judgment that Home State had a duty to defend, to indemnify, or to both defend and indemnify Redi-Mix for his claims against Redi-Mix. Home State filed a counterclaim seeking a declaratory judgment that it had neither a duty to defend nor a duty to indemnify Redi-Mix for the claims made by Robertson against Redi-Mix because the workers' compensation and employee exclusions contained in the Policy applied to exclude coverage under the Policy. Robertson obtained a final judgment against Redi-Mix for, among other things, damages in the amount of $967,631.52, and

3

the trial court severed Robertson's suit against Redi-Mix from his remaining claim against Home State.

Home State moved for summary judgment on the grounds (1) that coverage under the Policy for Robertson's claims against Redi-Mix is excluded under the workers' compensation exclusion, (2) that coverage under the Policy for Robertson's claims against Redi-Mix is excluded under the employee exclusion and did not fall within the "domestic employees" exception, and (3) that the truck to which Robertson was assigned when he sustained injuries is not a listed vehicle under the Policy. The trial court granted Home State's motion for summary judgment on two grounds: that Robertson's claims against Redi-Mix are excluded under both the workers' compensation and employee exclusions. Robertson appeals.

### III. STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008); *Provident Life & Accident Ins. Co. v.*

4

*Knott*, 128 S.W.3d 211, 215 (Tex. 2003).  We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not.  *Mann Frankfort*, 289 S.W.3d at 848.  We must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented.  *See Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006); *City of Keller v. Wilson*, 168 S.W.3d 802, 822–24 (Tex. 2005).

## IV.  EMPLOYEE EXCLUSION AND DOMESTIC EMPLOYEES EXCEPTION

In his second issue, Robertson argues that the trial court erred by granting Home State's motion for summary judgment on the ground that coverage under the Policy for Robertson's claims against Redi-Mix is excluded under the employee exclusion.  Robertson contends that the "domestic employees" exception to the employee exclusion applies to extend coverage to him under the Policy because he was "employed in the United States" and because he was not entitled to workers' compensation benefits as an employee of Redi-Mix, a nonsubscriber.  Robertson thus advocates interpreting "domestic employees" to mean persons who work in the United States as opposed to persons who perform certain duties at a personal residence.  Alternatively, he argues that the term "domestic employees" is, at the very least, ambiguous and, therefore, that we must adopt his interpretation of the provision.

5

In an insurance coverage case, the insured has the burden of establishing coverage under the terms of the policy. *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010). If the insured proves coverage, then to avoid liability the insurer must prove that the loss is within an exclusion. *Id.* If the insurer proves that an exclusion applies, the burden shifts back to the insured to show that an exception to the exclusion brings the claim back within coverage. *Id.* In this case, there is no dispute that Robertson was an employee of Redi-Mix. Our analysis therefore focuses on the applicability of the "domestic employees" exception to the employee exclusion.

Generally, courts construe insurance policies according to the same rules of construction that apply to contracts. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Crocker*, 246 S.W.3d 603, 606 (Tex. 2008). Enforcing the parties' expressed intent is our primary concern. *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994). The policy's terms are given their ordinary and generally accepted meaning unless the policy shows that the words were meant in a technical or different sense. *Gilbert Tex. Constr., L.P.*, 327 S.W.3d at 126. If terms in the contract can be given a definite or certain legal meaning, they are not ambiguous, and the court will construe the contract as a matter of law. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995). However, if a contract of insurance is susceptible to more than one reasonable interpretation and is, thus, ambiguous, we must resolve the uncertainty by adopting the construction that most favors the insured. *Nat'l*

6

*Union Fire Ins. Co. of Pittsburgh, Pa. v. Hudson Energy Co., Inc.*, 811 S.W.2d 552, 555 (Tex. 1991). An ambiguity does not exist simply because the parties interpret a policy differently. *See Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003).

Generally, the term "domestic" has several accepted meanings. It is defined as both "relating to the household or the family" and "relating and limited to one's own country." Webster's Third New Int'l Dictionary 671 (3d ed. 2002). In light of these two definitions, Robertson argues that a "domestic employee"—as used in the Policy's employee exclusion—is a person who works in the United States or, alternatively, that the term is ambiguous because there is more than one accepted meaning. However, Robertson's arguments disregard a fundamental rule of contract construction: the requirement that we examine the entire writing in an effort to harmonize and give effect to *all* provisions of the contract so that none are rendered meaningless. *See Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). Indeed, "'[n]o one phrase, sentence, or section [of the policy] should be isolated from its setting and considered apart from the other provisions.'" *Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20, 23 (Tex. 2008). But this is exactly what Robertson does—he isolates "domestic employees" from the "not entitled to workers compensation benefits" part of the exception. As demonstrated below, the "not entitled to workers compensation benefits" language plays a pivotal role in determining who qualifies as a "domestic employee" not because the language refers to employees of a

7

nonsubscriber, as Robertson reads the provision, but because when read together with "domestic employees," it becomes clear that the parties intended to except from the employee exclusion a particular type of employee that is specifically identified in the Texas Workers' Compensation Act (TWCA) and referenced in the Texas Motor Vehicle Safety Responsibility Act (TMVSRA).

The TWCA was adopted to provide prompt remuneration to employees who sustain injuries in the course and scope of their employment. *Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 206 (Tex. 2000). An employer has the option of providing workers' compensation insurance for employees and thereby becoming a subscriber under the TWCA or not providing workers' compensation insurance and thereby remaining a nonsubscriber. *Lawrence v. CDB Servs., Inc.*, 16 S.W.3d 35, 41 (Tex. App.—Amarillo 2000), *aff'd*, 44 S.W.3d 544 (Tex. 2001); *see* Tex. Lab. Code Ann. § 406.002(a) (West 2006) (providing that except for public employers and as otherwise provided by law, an employer may elect to obtain workers' compensation insurance coverage). If an employer provides workers' compensation insurance to its employees, section 406.091(a)(1) mandates that the TWCA is *inapplicable* to "a person employed as a domestic worker . . . engaged in employment incidental to a personal residence." Tex. Lab. Code Ann. § 406.091(a)(1) (West 2006). However, this exemption is not without its own exception. Section 406.091(b) provides that "[a]n employer *may* elect to obtain workers' compensation insurance coverage for an employee or classification of employees *exempted* from coverage under Subsection (a)(1) or

8

(a)(3)." *Id.* § 406.091(b) (emphasis added). Therefore, although domestic employees engaged in employment incidental to a personal residence are exempted from the TWCA, an employer may elect to obtain workers' compensation coverage for such employees.

The TMVSRA provides in part that "[a] person may not operate a motor vehicle in this state unless financial responsibility is established for that vehicle through," among other things, "a motor vehicle liability insurance policy that complies with Subchapter D." Tex. Transp. Code Ann. § 601.051(1) (West 2011). In subchapter D, section 601.075 provides in relevant part as follows:

> A motor vehicle liability insurance policy *may not* insure against liability:
>
> . . . .
>
> (2) for bodily injury to or death of an employee of the insured while engaged in the employment, *other than domestic*, of the insured, *or in domestic employment if benefits for the injury are payable or required to be provided under a workers' compensation law*.

*Id.* § 601.075(2) (West 2011) (emphasis added). Stated otherwise, a motor vehicle liability insurance policy *may not* insure against liability for injury to an employee of the insured while that employee is engaged (1) in the employment of the insured or (2) in the domestic employment of the insured *if* benefits for the injury are payable or required to be provided under workers' compensation insurance, but a liability policy *may* insure against liability for injury to an employee while that employee is engaged in domestic employment. *Id.*

9

When section 601.075(2) is considered in light of labor code section 406.091, the legislature's framework becomes readily apparent:  motor vehicle liability insurance may insure against liability for a domestic employee's injuries only to fill the gap in insurance coverage created by the TWCA's exemption of "domestic employees" engaged in employment incidental to a personal residence who are *not* entitled to workers' compensation insurance via an election to provide coverage by the employer.  *Compare* Tex. Lab. Code Ann. § 406.091(a)(1), (b), *with* Tex. Transp. Code Ann. § 601.075(2).  Thus, the "domestic" employee contemplated by transportation code section 601.075(2) is the "domestic worker" identified by labor code section 406.091(a)(1)—a person engaged in employment incidental to a personal residence.  To the extent that an employee is not a domestic employee, or that an employee is a domestic employee and benefits for his injury are payable or required by workers' compensation insurance, as labor code section 406.091(b) specifically contemplates, a motor vehicle liability insurance policy may not insure against liability for that employee's injuries that occur on the job.  The legislature's decision in the TMVSRA to prohibit a motor vehicle liability insurance policy from insuring against liability for injuries to employees, but not to domestic employees *not* entitled to workers' compensation benefits, furthers the legislature's attempts

in the TWCA to "encourage employers to obtain workers' compensation insurance."[1]  *See Kroger Co. v. Keng*, 23 S.W.3d 347, 349 (Tex. 2000).

The Policy in this case is a commercial automobile general liability insurance policy.  The language used in the employee exclusion and "domestic employees" exception unmistakably reveals an attempt by the drafters to incorporate provisions into the Policy that are consistent with and adhere to the requirements of both transportation code section 601.075(2) and labor code section 406.091(a).  Just as the transportation code prohibits a motor vehicle liability insurance policy from insuring against liability for injuries to employees, but not to domestic employees *not* entitled to workers' compensation benefits, the Policy excludes coverage for bodily injury to employees occurring during employment, but the exclusion "does not apply to domestic employees *not* entitled to workers compensation benefits."  [Emphasis added.]  Reading the "domestic employees" exception in context, as we must, and considering the statutory framework implemented by the legislature in the TWCA and the TMVSRA—that the "domestic" employee contemplated by transportation code section 601.075(2) is the "domestic worker" identified by labor code section 406.091(a)(1), a person engaged in employment incidental to a personal

---

[1]For example, the TWCA penalizes nonsubscribers by prohibiting them from asserting certain common law defenses in their employees' personal injury actions.  *See* Tex. Lab. Code Ann. § 406.033(a) (West 2006); *see also Figueroa v. Healthmark Partners, L.L.C.*, 125 F. Supp. 2d 209, 210 (S.D. Tex. 2000) ("[E]mployers making the decision on whether to subscribe must face a Texas statutory scheme that wields both a stick and a carrot.").

11

residence—we cannot agree with Robertson's argument that the parties to the Policy intended "domestic employees" to mean persons who work in the United States.

Relying on *Carroll v. Castillo*, Robertson argues that the "domestic employee" exception is at least ambiguous. *See* No. 13-99-00006-CV, 2000 WL 34592617, at *5 (Tex. App.—Corpus Christi Apr. 6, 2000, no pet.) (not designated for publication). In *Carroll*, the court of appeals considered a "domestic employees" exception to an employee exclusion contained in an insurance policy. *Id.* Like the "domestic employees" exception in this case, the exception stated that the employee exclusion "does not apply to bodily injury to domestic employees not entitled to workers compensation benefits." *Id.* Interpreting the exception, the court concluded,

> By its terms, this exclusion does not apply to bodily injury to domestic employees not entitled to workers compensation benefits. . . . [T]he term "domestic employee" is ambiguous and incapable of precise determination for summary judgment purposes. "Domestic employee" could mean an employee of Carroll Water Well Service who works in a home, such as a cook, maid, or housekeeper; or it could mean an employee who works in the United States as contrasted with one who works abroad in a foreign country.

*Id.* We decline to follow *Carroll* because its analysis begins and ends with the dictionary definition of "domestic," rendering meaningless the "not entitled to workers compensation benefits" portion of the exception and failing to consider the clear relevance of the transportation and labor code provisions.

12

A federal district court recently considered whether a "domestic employment" exception to an employee exclusion contained in an insurance policy meant employment within a home or domicile. *See Canal Ins. Co. v. Flores*, No. 3:06-CV-84-KC, 2009 WL 1033770, at *8–10 (W.D. Tex. Apr. 14, 2009). The court reasoned that "[i]n the context of insurance contracts, courts almost unanimously recognize the term 'domestic employment' as meaning employment within the home." *Id.* at *8 (citing *United Fire & Cas. Co. v. Gravette*, 182 F.3d 649, 655 (8th Cir. 1999) ("A 'domestic employee' is commonly understood to be a household servant.")). The court declined to follow *Carroll* and addressed the relevance of labor code section 406.091, reasoning that "[t]he comparison of a domestic employee to one who is employed in a personal residence clearly indicates that the Texas Labor Code views a domestic employee as one who works in the home and not generally within the United States." *Id.* at *8 n.14, *9. The court ultimately held that "the case law interpreting 'domestic employment' clearly favors a meaning of the term related to home employment, particularly when the term is directly tied to workers' compensation laws in the Texas Labor Code." *Id.* at *9.

Even more recently, the Fifth Circuit considered a "domestic employees" exception in an insurance policy, addressing whether the exception, which was worded identically to the "domestic employees" exception at issue in this case, referred to "butlers and chambermaids" or to employees who work in the United States as opposed to those who work abroad. *See Amerisure Ins. Co. v.*

13

*Navigators Ins. Co.*, 611 F.3d 299, 310–11 (5th Cir. 2010). Acknowledging that no Texas court had resolved the issue in a published opinion, the court examined cases from other jurisdictions and concluded that interpreting "domestic employees" to mean employees who work in the United States was "unreasonable" and did "not defeat the otherwise applicable exclusion." *Id.* at 311.

Although both federal courts failed to recognize the framework implemented by the legislature in both the TWCA and the TMVSRA and its relevance to the domestic employee exceptions contained in the policies at issue in their respective cases, the courts ultimately reached the same conclusion that we do.

Accordingly, we hold that as used in the Policy, Robertson's interpretation of "domestic employees" is unreasonable. In light of the labor code and the transportation code, "domestic employees" is not susceptible to more than one reasonable interpretation and, therefore, is not ambiguous. Rather, "domestic employees" can be given a definite and certain legal meaning: persons engaged in employment incidental to a personal residence.

Lastly, Robertson argues "assuming *arguendo* that the definition of 'domestic employee' that is urged by Home State is correct, there is evidence that Robertson actually performed the duties of a 'domestic employee.'" He points out that his duties included "cleaning the office, cleaning the vehicles and the yard." But this is not evidence that Robertson was a "domestic employee"

14

because there is no evidence that these activities took place incidental to a personal residence. *See* Tex. Lab. Code Ann. § 406.091(a)(1).

We conclude and hold that the employee exclusion applied to exclude coverage under the Policy for Robertson's claims against Redi-Mix. Therefore, the trial court did not err by granting Home State's motion for summary judgment on the basis of the employee exclusion. We overrule Robertson's second issue. Having determined that summary judgment was proper on this ground, we need not reach Robertson's first issue complaining that the trial court erred by granting Home State's motion for summary judgment on the basis of the workers' compensation exclusion contained in the Policy. *See* Tex. R. App. P. 47.1.

## V. CONCLUSION

Having overruled Robertson's second, dispositive issue, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

EN BANC

DAUPHINOT, J. concurs without opinion.

DELIVERED: June 2, 2011

15