**AFFIRMED; Opinion Filed April 10, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00012-CV

### MELVIN WEST, Appellant
### V.
### SOUTHERN COUNTY MUTUAL INSURANCE COMPANY, Appellee

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-00176-E**

## OPINION

Before Justices Moseley, Bridges, and Francis
Opinion by Justice Moseley

Melvin West appeals a summary judgment in favor of Southern County Mutual Insurance Company. In a single issue, West argues the trial court erred by granting summary judgment because the phrase "domestic employee," as used in a business automobile insurance policy, is ambiguous. We disagree. When the entire relevant phrase in the policy ("domestic employees not entitled to workers' compensation benefits") is considered as a whole, it is not ambiguous, and the trial court did not err by granting summary judgment. We affirm the judgment of the trial court.

West was employed by Super Surface, Inc. to drive a concrete truck. He was injured when his truck rolled over. Super Surface did not subscribe to workers' compensation insurance. However, Super Surface filed an insurance claim for West's injuries under a business auto policy issued to Super Surface by appellee Southern County. As part of a settlement between Super

Surface and West, Super Surface assigned its insurance claim to West, who subsequently sued Southern County.

Southern County moved for summary judgment on the basis that the policy excludes claims for bodily injury to employees. Based on this provision, the trial court granted Southern County's motion. On appeal, West argues an exception to the bodily-injury exclusion for domestic employees brings his claim back within coverage.

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A summary judgment movant must show that it is entitled to judgment as a matter of law and that there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c).

The interpretation of the terms of an insurance contract is a question of law, to which we apply the rules of construction for contracts. *See Mid-Continent Cas. Co. v. Castagna*, 410 S.W.3d 445, 456 (Tex. App.—Dallas 2013, pet. denied). We first look to the language of the policy to ascertain the intent of the parties. *See Gilbert Tex. Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 126 (Tex. 2010). We read the entire policy together, giving meaning to each portion, without isolating one phrase or sentence from the other provisions. *See SA-OMAX 2007, L.P. v. Certain Underwriters at Lloyd's, London*, 374 S.W.3d 594, 598 (Tex. App.—Dallas 2012, no pet.). If a policy is ambiguous, we construe it in favor of the insured. *Harrison v. Great Am. Assur. Co.*, 227 S.W.3d 890, 893 (Tex. App.—Dallas 2007, no pet.). However, an insurance policy with only one reasonable interpretation is unambiguous. *Id.* An insurer bears the burden to prove a coverage exclusion applies. *Gilbert*, 327 S.W.3d at 124. If it does so, then the burden shifts to the insured to prove an exception to that exclusion. *Id.*

The exact language of the provision is:

This insurance does not apply to any of the following: . . .

Bodily Injury to:
A. An employee of the insured arising out of and in the course of employment by the insured . . .

But this exclusion does not apply to bodily injury to domestic employees not entitled to workers' compensation benefits or to liability assumed by the insured under and insurance contract.

West argues the phrase "domestic employee" is ambiguous because it could refer either to employees who work in a household or to employees who are citizens of the United States. West contends that because "domestic employee" is ambiguous, it should be interpreted in his favor and to mean all employees who are within the United States are excepted from the bodily-injury exclusion.

Southern County contends that the full phrase "domestic employees not entitled to workers' compensation benefits" is unambiguous and refers to a class of employees who both work in a household and are not covered by workers' compensation insurance. Southern County argues West's injuries are not covered because he falls under the bodily-injury exclusion, and that the domestic-employee exception does apply to West because he is not a household employee who is not entitled to workers' compensation insurance.

In an *en banc* opinion, the Fort Worth Court of Appeals interpreted an identical insurance contract provision and concluded that the "domestic employee" exception unambiguously referenced employees who work in the home. *See Robertson v. Home State Cnty. Mut. Ins. Co*., 348 S.W.3d 273 (Tex. App.—Fort Worth 2011, pet. denied) (en banc). The court considered the full phrase in the policy exception, "domestic employees not entitled to workers' compensation benefits," and concluded that the phrase refers to a specific class of employees referenced in the Texas Workers' Compensation Act (TWCA) and the Texas Motor Vehicle Safety Responsibility Act (TMVSRA). *See id.* at 277–79.

Under the TWCA, employers may choose to subscribe to workers' compensation insurance, making them subject to the requirements of the act. TEX. LAB. CODE ANN. § 406.002 (West 2006); *id.* at 277–78. Employers who subscribe to workers' compensation may choose to provide workers' compensation coverage to domestic employees who work in the home. *See* TEX. LAB. CODE ANN. § 406.091 (West 2006).

In turn, the TMVSRA prohibits auto insurance policies from covering bodily injuries to employees, except for the class of employees who work in the home and are not covered by workers' compensation insurance. TEX. TRANSP. CODE ANN. § 601.075 (West 2011); *Robertson*, 348 S.W.3d at 278. Reading the TWCA and the TMVSRA together, the laws create a gap for domestic employees who are not covered by workers' compensation insurance. *Robertson*, 348 S.W.3d at 278–89. Auto policies may cover bodily injuries to this class of employees, but only if the employer does not provide workers' compensation for the class. *Id.*

We agree with the *Robertson* opinion and adopt the reasoning of the Fort Worth Court of Appeals. Considering the full phrase in the context of the Labor Code and the Transportation Code, "domestic employee not entitled to workers' compensation insurance" refers to domestic employees who work in a home and are not covered by workers' compensation insurance. We conclude this is the only reasonable meaning.

West argues the court should not use the TWCA and the TMVSRA to interpret policy language because the average insured is not familiar with these laws. We interpret technical terms as they are understood by persons in the business in which they are used, unless evidence shows otherwise. *See Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 211 (Tex. 2011). An auto insurance provider would be familiar with the regulations governing the types of damages that an auto policy may cover. Additionally, a reasonable insurance consumer would

likely consult the Texas Workers' Compensation Act to determine which employees are not entitled to workers' compensation.

West also argues that the insurance contract does not contemplate the TWCA because the provision that exempts domestic employees from certain regulations in the TWCA also exempts farm and ranch workers. The exact language of the provision is:

> (a) The following employees are not subject to this subtitle:
> (1) a person employed as a domestic worker or a casual worker engaged in employment incidental to a personal residence;
> (2) a person covered by a method of compensation established under federal law; or
> (3) except as provided by Subchapter H,1 a farm or ranch employee.

TEX. LAB. CODE ANN. § 406.091. While not identical, the insurance contract appears to be a paraphrase of subsection (a)(1), suggesting the contract drafters intended to except the same group of persons, domestic employees who work in the home. *See United Fire & Cas. Co. v. Gravette*, 182 F.3d 649, 655 (8th Cir. 1999). Considering the TMVSRA, it is logical to exempt domestic employees from the exclusion, but not farm or ranch workers. The TMVSRA section that prohibits motor vehicle liability policies from covering employee bodily injuries includes an exception for domestic employees, but not for farm or ranch employees. *See* TEX. TRANSP. CODE ANN. § 601.075 (West 2011).

West next argues that the TMVSRA is irrelevant because it does not regulate this particular policy. Southern County contends that the policy is regulated by the TMVSRA. We do not reach the question of whether this policy is governed by the TMVSRA because the contract contains clear language indicating that the drafters contemplated being regulated by the TMVSRA. An endorsement states that the policy does not provide coverage for bodily injuries except to the extent required by the TMVSRA. The TMVSRA reference shows that the parties believed the policy would, or at least may, be regulated by the TMVSRA and that the drafters were aware of the employee bodily-injury coverage requirements.

West identifies several recent insurance policies that include the same exception and add a definition of "domestic employee."  West argues these new policies prove "domestic employee" is ambiguous because it shows the insurance industry recognized the term needed clarification.  That fact that new insurance policies define "domestic employee" does not prove West's interpretation is reasonable; rather, it merely recognizes that different courts have reached different conclusions.  A majority of courts interpret "domestic employee," in the context of a policy such as the one here, to refer to a class of workers defined by the type of work, not by geographic location.  *See Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 311 (5th Cir. 2011) (domestic-employee coverage exception unambiguously refers to household employees); *see also Canal Ins. Co. v. Flores*, No. 3:06-CV-84-KC, 2009 WL 1033770, at *9–10 (W.D. Tex. Apr. 14, 2009) (domestic-employee exception in an insurance policy refers household workers). *But see Carroll v. Castillo*, No. 13-99-006-CV, 2000 WL 34592617, at *5 (Tex. App.—Corpus Christi Apr. 6, 2000, no pet.) (mem. op.) ("domestic employee" is ambiguous).

Considering the contract as a whole and the regulatory framework, we conclude "domestic employee not entitled to workers' compensation insurance" unambiguously refers to employees who work in a home.  We overrule West's sole issue.

We affirm the judgment of the trial court.


/Jim Moseley/
JIM MOSELEY
JUSTICE

130012F.P05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MELVIN WEST, Appellant

No. 05-13-00012-CV          V.

SOUTHERN COUNTY MUTUAL
INSURANCE COMPANY, Appellee

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-00176-E.
Opinion delivered by Justice Moseley.
Justices Bridges and Francis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Southern County Mutual Insurance Company recover its costs of this appeal from appellant Melvin West.

Judgment entered this 10th day of April, 2014.

/Jim Moseley/
JIM MOSELEY
JUSTICE